# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 CR 102 |
| ) | Hon. Sharon Johnson Coleman |
| TIMOTHY MASON and, ) | |
| MARIANA GERZANYCH ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS
## INDICTMENT BASED ON A LACK OF VENUE

Defendants, **TIMOTHY MASON and MARIANA GERZANYCH**, by and through their attorneys, **BLEGEN & GARVEY** and **NISHAY K. SANAN**, pursuant to Rule 12(b)(3)(a)(i) of the Federal Rules of Criminal Procedure as well as the Sixth Amendment to the Constitution of the United States, respectfully request that the indictment be dismissed based on a lack of venue.

In support of this motions Defendants, through counsel, show to the Court the following.

1. This motion is submitted in conjunction with Defendants' motion to dismiss the indictment based on duplicitousness and supporting memorandum. Defendants incorporate those pleadings herein.

2. In the event the Court agrees that the indictment is duplicitous, then it should be dismissed based on a lack of venue, or the allegations for which there is no venue should be stricken.

3. The issue of venue in criminal cases is one of Constitutional dimension. Article III requires that "[t]he Trial of all Crimes ... shall be held in the State where the said Crimes shall

have been committed." U.S. Const. art. III, sec. 2, ci. 3. The Sixth Amendment requires that " ... the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed .... " U.S. Const. amend. VI.

4. In addition Rule 18 of the Federal Rules of Criminal Procedure requires that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18.

5. As the Supreme Court has explained, the relevant inquiry for a venue analysis; that is, where the crime was committed, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998).

6. The Seventh Circuit has instructed courts to first look to whether there is any statutory directive on venue and in the absence thereof, use a general guide consisting of the nature of the alleged crime and the act or acts constituting it. *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007), *citing United States v. Cabrelas*, 524 U.S. 1, 6-7 (1998). This is a model for analysis rather than a rigid test and takes into account the "defendant's acts, the elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for suitable fact-finding." *Id*

7. Here, the indictment alleges wire fraud in relation to a Chicago grant, a Pennsylvania grant, and two grants in California. Defendants concede that venue is proper for the allegations related to the Chicago grant.

8. Leaving the Chicago grant aside, however, there appears to be no activity in this District sufficient to support venue for wire fraud charges related to the Pennsylvania and California grants. Defendants' company 350Green was headquartered in California where

Defendants also lived.  Moreover, activity regarding the non-Chicago grants appears to have occurred in California or Pennsylvania.

9. As such, and in the event the Court determines that the indictment is duplicitous, the Court should dismiss the indictment based on a lack of venue, or strike from the indictment the allegations related to Pennsylvania and California for which there is no venue.

Respectfully submitted,

s/Patrick W. Blegen
**PATRICK W. BLEGEN**, Attorney for Defendant
Timothy Mason

s/Nishay K. Sanan
**NISHAY K. SANAN**, Attorney for Defendant
Mariana Gerzanych

| | |
|---|---|
| **BLEGEN & GARVEY** | **NISHAY K. SANAN** |
| 53 West Jackson Boulevard, Suite 1437 | 53 West Jackson Boulevard Suite 1437 |
| Chicago, Illinois 60604 | Chicago, Illinois 60604 |
| (312) 957-0100 | (312) 692-0360 |