**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY MASON and, )<br>MARIANA GERZANYCH )<br>)<br>Defendants. ) | No. 15 CR 102<br>Hon. Sharon Johnson Coleman |

**DEFENDANTS' JOINT MOTION FOR
IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE**

Defendants, **TIMOTHY MASON** and **MARIANA GERZANYCH**, by and through their attorneys, **BLEGEN & GARVEY** and **NISHAY K. SANAN** pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), *Agurs v. United States*, 427 U.S. 97, 96 S.Ct. 2392 (1976), and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1986), respectfully move this Court to require the government to disclose immediately any previously undisclosed evidence or information known to the government or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to the defense and is material to the issues of Defendants' guilt, innocence, or sentencing, or which bears upon the credibility of a government witness.

The information requested specifically includes, but is not limited to, the following:

1.      Any and all grants of immunity, favors, or promises of any kind, made to any witness in connection with obtaining his or her testimony or assistance.  This includes any plea agreement entered into between the government and the witness, as a result of which the witness is testifying against Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government.  Also requested are any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the indictment.

2.      Any assistance, financial or otherwise, provided by any  attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state, or local government.

3.      The criminal identification and history sheet (rap sheet) of each potential government witness.

4.      Information regarding any criminal charges pending against any potential government witness which have not been disposed of either by conviction or acquittal.

5.      Information regarding any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction.

6.      All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell, and relate facts which occur in their presence as such is in the possession, custody, or control or is known to the

government or as may become so known through the exercise of due diligence on the part of the government.

7.	Any handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements, or other memorializations pertaining to persons interviewed by the government who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of Defendant's involvement in the allegations set forth in the indictment, or that the activities in which Defendant is alleged to have participated did not take place.

In addition to the typically requested materials set forth above, Defendant also specifically requests the following:

8.	Information in any form related to the understanding of Defendants, 350Green, or its employees that 350Green was permitted to bill for costs incurred pursuant to any of the grants alleged in the indictment prior to having actually paid those costs.

9.	Information in any form indicating that companies (not 350Green) who were awarded grants by the City of Chicago, the State of Pennsylvania, the Bay Area Air Quality Management District, or the Association of Bay Area Governments were typically, or by pattern and practice, permitted to bill for costs incurred pursuant to a grant prior to having actually paid those costs.

10.	Information in any form indicating that the City of Chicago, the State of Pennsylvania, the Bay Area Air Quality Management District, or the Association of Bay Area Governments were informed or were otherwise aware that 350Green intended to finance its portion of the grant through tax credits.

11. Information in any form indicating that the City of Chicago, the State of Pennsylvania, the Bay Area Air Quality Management District, or the Association of Bay Area Governments were informed or were otherwise aware that the tax credits 350Green intended to use finance its portion of the grant expired.

Defendants believe that this motion regarding favorable evidence, in its specificity, is necessitated by the Supreme Court's decisions in *Agurs, supra*, and *Bagley, supra*, in which the Court, in enunciating the standard of review to be applied in cases of non-disclosure of favorable evidence, distinguished between cases in which specific requests for such information were made prior to trial and cases where general requests or no requests were made. In *Bagley*, the Court held that the test for materiality of such non-disclosed evidence was the same whether specifically requested or not; *i.e.*, the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

The *Bagley* Court recognized, however, that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley, supra*, at 473 U.S. 682-683. Therefore, pursuant to the Court's admonition, "[t]he reviewing court should assess the possibility that [the preparation or presentation of the defendant's case may have been adversely affected] in light of the totality of the circumstances and with the awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response." 443 U.S. at 683.

WHEREFORE, Defendants request that the Court enter its order directing the government to immediately provide favorable evidence to the defense, including but not limited to the information specifically requested herein.

Respectfully submitted,

s/Patrick W. Blegen
**PATRICK W. BLEGEN**, Attorney for Defendant
Timothy Mason

s/Nishay K. Sanan
**NISHAY K. SANAN**, Attorney for Defendant
Mariana Gerzanych

| | |
|---|---|
| **BLEGEN & GARVEY** | **NISHAY K. SANAN** |
| 53 West Jackson Boulevard, | 53 West Jackson Boulevard |
| Suite 1437 | Suite 1437 |
| Chicago, Illinois 60604 | Chicago, Illinois 60604 |
| (312) 957-0100 | (312) 692-0360 |