UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 15 CR 102 |
| | ) | Judge Sharon Johnson Coleman |
| TIMOTHY MASON and | ) | |
| MARIANA GERZANYCH | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR IMMEDIATE DISCOVERY OF FAVORABLE EVIDENCE**

The UNITED STATES OF AMERICA, through ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits its response to Defendants' Joint Motion for Immediate Discovery of Favorable Evidence. R.36. For the reasons set forth below, defendants' motion should be denied as moot.

**I.   BACKGROUND**

On March 3, 2015, a grand jury returned a five count indictment charging defendants Timothy Mason and Mariana Gerzanych with devising and participating in a wire fraud scheme to defraud the City of Chicago and other governmental entities by falsely claiming to be entitled to grant funds, in violation of Title 18, United States Code, Section 1343.

On April 17, 2015, following the entry of a protective order and a tax disclosure order, the government provided a letter to defense counsel (the Rule 16 Letter), in which the government discussed certain discovery matters and set forth a timetable for certain disclosures. As relevant to the instant motion, the Rule 16

Letter provided, pursuant to Local Rule 16.1, among other representations and proposals, that:

- The government agrees to preserve the written notes of government agents, to the extent they still exist.

- Two weeks prior to trial, the government will notify you of evidence it intends to offer pursuant to Federal Rule of Evidence 404(b).

- Two weeks prior to trial, the government will file a proffer pursuant to *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), if applicable.

- Two weeks prior to trial, the government will provide materials required by 18 U.S.C. § 3500 and *Giglio v. United States* for those witnesses whom we intend at that time to call, subject to two exceptions: first, if we obtain § 3500 or Giglio material less than two weeks prior to trial, we will provide that information promptly upon receipt; second, if we determine that certain information should be withheld for witness safety or other reasons, we will notify you that information is being withheld and will provide it as soon as possible and in time for its use at trial.

Along with the Rule 16 Letter, the government provided extensive discovery in the form of 12 DVDs, a Blu-Ray disc, and tax records, pursuant to Rule 16, *United States v. Brady*, 373 U.S. 83 (1963), and Title 18, United States Code, Section 3500. Finally, in the Rule 16 Letter, the government also recognized its ongoing obligation to supplement its initial disclosures if new material becomes available or changing circumstances warrant additional disclosures.

The government has since supplemented its initial production with several additional productions, and has cooperated and continues to cooperate with counsel to address discovery issues.

Further, after additional discussion with defense counsel, the government has agreed to produce § 3500 and *Giglio* information, identify 404(b) evidence, and file a *Santiago* proffer at three or four weeks, rather than two weeks, prior to trial.

This Court has set this matter for trial on May 1, 2017.

## II. ARGUMENT

Defendant's motion for disclosure of favorable evidence is extraordinarily broad and extends beyond what is required of the government at this stage of the case.

For example, defendant seeks "[a]ny criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction." R.36. at ¶5. In another example of the breadth of defendant's requests, defendant seeks "[a]ll mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell and relate facts which occur in their presence as such is in the possession, custody or control or is known to the government or as may become so known with the exercise of due diligence on the part of the government." *Id.* at ¶ 6; Defendants also request internal deliberative material to which they are not entitled, such as "any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set

3

forth in the indictment." *Id.* at ¶ 1. Further, defendants request additional specific information pertaining to the allegations in this case, including information pertaining to other grants which are not the subject of this indictment or awarded to defendants. *Id.* at 9. Moreover, defendant seeks all of this information "immediately."

The government acknowledges its obligations under *Brady, Giglio*, and the Jencks Act. But the defendant requests far more than is required of the government at this stage of the case and as described above, materials to which it would not be entitled to at all, including internal deliberative memoranda of the Department of Justice and information pertaining to grants, unrelated to those at issue in this case, issued by the governmental agencies who were the victims of defendants' fraud. Further, it appears that defendant seeks to have the government conduct tangential investigation of any person who may have knowledge of the events that form the basis of the charges.

The government takes seriously its discovery obligations. With respect to *Brady* material, the government has already turned over to defense counsel evidence that could be construed as favorable to the defendant, and acknowledges its ongoing duty to continue to make such disclosures. In addition, the government has provided substantial discovery to defense counsel, beyond its required discovery obligations at this time, including reports of witness interviews, emails, contracts, grand jury testimony, criminal history records, bank records, and extensive documentary and electronic evidence. The government has also had several

4

conversations with defense counsel regarding the government's standing offer to work with counsel to resolve any difficulties in accessing the discovery or address discovery questions. Further, the government has turned over and will continue to turn over evidence that could be construed as favorable to the defendant as the government becomes aware of such information. *See, e.g., United States v. Covens*, 06 CR 324, 2007 WL 951899, at *1 (N.D. Ill. Mar. 23, 2007) (denying defendant's motion for *Brady* material as moot where defendant had not shown that the government failed to produce requested information and government indicated that it had produced such evidence and would continue to produce it upon becoming aware of any additional favorable evidence).

The government also acknowledges its duty to produce *Giglio* and Jencks materials to defendant in this case. However, defendant's request for immediate disclosure should be denied. The government need not produce Giglio and Jencks Act material until trial, so long as the defendant is not prevented from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Marquez*, 686 F.Supp. 1354, 1357-58 (N.D. Ill. 1988). Giglio information requires little or no warning to be used effectively, and therefore need not be produced far in advance. *See United States v. Saucedo*, 90 CR 309, 1991 WL 235233, at *3 (N.D. Ill. Aug. 23, 1991). To require otherwise would have the effect of giving defendant advance disclosure of the government's witness list, to which he is not entitled, nor is the defendant entitled to this information at this stage for any "potential" government witness. *See United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.

5

1987) (stating that there is no requirement of advance notice of government's witness list absent special circumstances). Similarly, in accordance with the language of the statute,[1] courts of this district have recognized an absence of authority to compel pretrial disclosure of Jencks Act material. *See United States v. Feinberg,* 502 F.2d 1180, 1182 (7th Cir. 1974); *United States v. Balogun*, 971 F.Supp. 1215, 1233 (N.D. Ill. 1997) (finding government offer to provide Jencks Act materials three weeks prior to trial to be "quite reasonable, particularly since it exceeds the requirements of the Jencks Act"); *United States v. Sims*, 808 F. Supp. 607, 616 (N.D. Ill. 1992). The government has agreed to disclose available *Giglio* and Jencks materials, to the extent those materials have not already been disclosed, at minimum three weeks before trial, which the government believes to be a reasonable time period so as not to prevent defendant from receiving a fair trial. *See Kompare*, 801 F.2d at 890; *United States v. Hoover*, No. 95 CR 508, 1997 WL 80947, at *1 (N.D. Ill. Feb. 20, 1997) (assurances by the government as it relates to Giglio and Brady disclosures are sufficient).

Finally, to the extent defendant's motion could also be read to encompass evidence covered by Rule 404(b), the government has agreed to produce such material at least three weeks prior to trial.

---

[1] The Jencks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the case.

18 U.S.C. § 3500(a).

The government's acknowledgment of its obligations under *Brady, Giglio*, and the Jencks Act should not be interpreted as a stipulation to provide defendant with all of the materials requested in his motion, particularly given the breadth of defendants' requests. The government requests that the motion be denied to the extent it seeks a broader production than is required by the law in this Circuit. See *Saucedo*, 1991 WL 235233, at *3 ("Defendant's motion [for "immediate disclosure of favorable evidence"] is granted in part and denied in part. The government has an ongoing duty to produce exculpatory evidence; the government, however, has no obligation to answer defendant's 'civil interrogatory' requests.").

III. CONCLUSION

As the government agrees to provide defendant with all materials to which he is entitled under the law of this Circuit, and that *Giglio* and Jencks Act material will be provided at least three weeks before trial, the government respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:   s/Maureen E. Merin
MAUREEN E. MERIN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1457

7